**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **CITI-TALENT, LTD.** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **VS.** | § | **CASE NO. 3:13-CV-00374-N** |
| | § | |
| **JING-SHENG YANG,** | § | |
| | § | |
| *Defendant.* | § | |

<u>**APPENDIX TO DFENDANT YANG'S MOTION TO DISMISS PLAINTIFF'S**
**COMPLAINT OR, IN THE ALTERNATIVE, TO TRANSFER AND/OR STAY THE**
**ACTION**</u>

Pursuant to Local Civil Rule 7.1, Defendant Jing-Sheng Yang ("Defendant Yang")

respectfully files this Appendix to Defendant Yang's Motion to Dismiss Plaintiff's Complaint or,

in the Alternative, to Transfer and/or Stay the Action (the "Appendix").

Respectfully submitted,

/s/ Robert M. Hailey
Robert M. Hailey
Texas Bar No. 24027362
*rhailey@rwtrial.com*
Steven L. Russell
Texas Bar No. 17437040
*srussell@rwtrial.com*
RUSSELL & WRIGHT, PLLC
15770 Dallas Parkway, Suite 1050
Dallas, Texas 75248
972-267-8400 (office)
972-267-8401 (fax)

**ATTORNEYS FOR DEFENDANT**
**JING-SHENG YANG**

## <u>CERTIFICATE OF SERVICE</u>

On April 1, 2013, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic filing system of the court.  I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Robert M. Hailey
Robert M. Hailey

## APPENDIX

| Document Description | Exhibit | Appendix Page Number |
|---|---|---|
| Complaint for Copyright Infringement, Contributory Copyright Infringement, Vicarious Copyright Infringement, Unfair Competition, False Designation of Origin, Trade Duress Infringement, State Unfair Competition and Violation of Ohio Deceptive Trade Practices Act, Common Law Unfair Competition, Civil Conspiracy, Constructive Trust and Accounting | 1 | 1-41 |
| Meijer Response to Defendant Yang Cease and Desist Letter | 2 | 42 |

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| JING-SHENG YANG,<br>a Taiwanese individual,<br><br>         Plaintiff,<br><br>         v.<br><br>MEIJER, INC.,<br>a Michigan Corporation<br><br>and<br><br>Citi-Talent, Ltd.<br>a Hong Kong Limited Liability Company<br><br>and<br><br>DOES 1 THROUGH 100,<br><br>         Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    CASE NO.<br><br>   JUDGE<br><br>   **JURY DEMAND** |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT, CONTRIBUTORY COPYRIGHT INFRINGEMENT, VICARIOUS COPYRIGHT INFRINGEMENT, UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN, TRADE DRESS INFRINGEMENT, STATE UNFAIR COMPETITION AND VIOLATION OF OHIO DECEPTIVE TRADE PRACTICES ACT, COMMON LAW UNFAIR COMPETITION, CIVIL CONSPIRACY, CONSTRUCTIVE TRUST and ACCOUNTING**

Now comes Jing-Sheng Yang ("Plaintiff"), by his undersigned attorneys, hereby demands

a jury trial, and for his Complaint against Meijer, Inc. ("Meijer), Citi-Talent, Ltd. ("Citi-Talent")

and John Doe Defendants 1 through 100 ("Doe Defendants") (collectively "Defendants") alleges

as follows:

## JURISDICTION AND VENUE

1.      This action arises under the Copyright Act of the United States, 17 U.S.C. §101, *et seq.,* and the Lanham Act, 15 U.S.C. §1051, *et seq.* This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331, and 28 U.S.C. §1338(a) and §1338(b).

**ANSWER:**

2.      This Court also has jurisdiction of this action under 28 U.S.C. §1332 because Plaintiff and Defendant Meijer are the citizen of a foreign state and a citizen of the State of Michigan respectively, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

**ANSWER:**

3.      This Court has supplemental jurisdiction over Plaintiff's claims arising under the laws of the State of Michigan pursuant to 28 U.S.C. §1367(a) because these claims are so related to Plaintiff's claims under federal law that they form part of the same case or controversy and derive from a common nucleus of operative fact.

**ANSWER:**

4.      This Court has personal jurisdiction over all Defendants as they acted directly and/or indirectly and/or in concert and/or through an agent to transact business in the State of Michigan, and/or to contract to supply or sell goods in this State, and/or to supply goods in the State that caused tortious injury by an act within Michigan and caused tortious injury in Michigan to Plaintiff by acts outside of Michigan, committed with the purpose of injuring persons when they might reasonably have expected that some person would be injured thereby in Michigan, pursuant to MCL §§ 600.711 and 600.715.

**ANSWER:**

2

5.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), (c) and (d) and §1400(a) because the (a) acts of infringement and other wrongful conduct occurred in the Western District of Michigan, (b) Defendant Meijer has retail stores and does business in the Western District of Michigan, (c) Defendants sold and/or supplied items to be sold in Michigan, (d) a substantial part of the events giving rise to the claims occurred in the Western District of Michigan, and (e) Defendants have a sufficient connection with the Western District of Michigan to make venue proper in this District.

**ANSWER:**

<u>**PARTIES**</u>

6.      Plaintiff Jing-Sheng Yang is an individual and citizen of Taiwan.

**ANSWER:**

7.      Defendant Meijer is a domestic corporation incorporated in the State of Michigan and maintains its principal place of business at 2929 Walker Avenue, NW, Grand Rapids, Michigan 49544. Defendant Meijer operates retail stores throughout the Western District of Michigan and sold the infringing merchandise described in detail below.

**ANSWER:**

8.      Defendant Citi-Talent is a foreign corporation with its principal place of business at Kowloon, Hong Kong. Defendant Citi-Talent copied, manufactured, distributed, marketed, sold and/or supplied Defendant Meijer and/or the Doe Defendants with the infringing merchandise described in detail below.

**ANSWER:**

9.      The Defendants designated as "Does 1 through 100" are presently unknown to Plaintiff. True names, identities and capacities, and the respective relationship to the known

3

Defendants is presently unknown to Plaintiff, who therefore sues said Doe Defendants by fictitious names. The Doe Defendants are believed to be individuals or entities who are involved in copying, importing, creating, developing, manufacturing, marketing, distributing and/or selling the alleged infringing merchandise described in detail below, either as independent contractors, suppliers, agents, servants or employees of the known Defendants, and/or entered into a conspiracy and agreement with the known Defendants to perform these acts for financial gain and profit, in violation of Plaintiff's protected copyrights. Plaintiff requests leave of Court to amend this Complaint to set forth their true names, identifies and capacities upon ascertaining the same.

**ANSWER:**

## **BACKGROUND**

10.     Plaintiff Jing-Sheng Yang is engaged in the business of designing, producing, marketing, distributing and selling ornamental sculptures. Plaintiff's designs are copyrighted and have been registered with the United States Copyright Office, and at all times relevant hereto Plaintiff has been and still is the owner of all right, title and interest in the aforementioned sculptures, including but not limited to the Plaintiff's copyrighted works defined in Paragraphs 14 and 15 hereof (collectively, "the Works").

**ANSWER:**

11.     Plaintiff has invested considerable time and money in promoting his goods and creating and maintaining the goodwill associated with his goods, including but not limited to the Works.

**ANSWER:**

4

12.     Plaintiff does not allow others to copy, replicate, manufacture, market, distribute and/or sell his goods including his copyrighted designs and specifically the Works without his authorization, nor does he knowingly permit the manufacture, marketing, distribution and/or sale of knock-off copies of his goods including his copyrighted designs and including but not limited to the Works.

**ANSWER:**

13.     Upon information and belief, after having purchased Plaintiff's goods and copyrighted designs including the Works for a period of years, Defendant Meijer contracted for and purchased knock-off copies of Plaintiff's copyrighted designs of the Works from Defendant Citi-Talent and/or the Doe Defendant(s), and marketed, distributed and/or sold those knock-offs to the public for profit.  Photographs of the Works are attached hereto as Exhibit B and E. Photographs of the knock off sculptures are attached hereto as Exhibit C and F.

**ANSWER:**

14.     On June 16, 2003 Plaintiff's original work, the 2003-187-22551 Acrylic Clear Frost Red/Green/White Glitter Snowman, was registered with the United States Copyright Office as Copyright Registration No. VA1-191-543 (the "Snowman figurine").  Copyright Registration Certificate No. VA1-191-543 is attached hereto as Exhibit A.  Photographs of the Snowman figurine are attached hereto as Exhibit B.  Photographs of the knock off sculpture are attached hereto as Exhibit C.

**ANSWER:**

15.     On June 16, 2003 Plaintiff's original work, the 2003-292-23613 Acrylic Clear/ Frost Choir Angel, was registered with the United States Copyright Office as Copyright Registration No. VA1-191-543 (the "Choir Angel figurine").  Copyright Registration Certificate

5

No. VA1-191-543 is attached hereto as Exhibit D. Photographs of the Choir Angel figurine are attached hereto as Exhibit E. Photographs of the knock off sculpture are attached hereto as Exhibit F.

**ANSWER:**

16.     Upon information and belief, Defendant Meijer has marketed and sold knock-off copies of the Works to consumers in retail stores in the Western District of Michigan, and/or instructed and/or contracted with Defendant Citi-Talent and/or the Doe Defendants to provide it with knock-off copies of the Work for sale to consumers in retail stores in the Western District of Michigan.

**ANSWER:**

17.     Plaintiff did not ever grant Defendants the right to make derivative works from, copy, instruct and/or contract with third parties to market, distribute, sell, or use in any way his Works or the infringing knock-off sculptures.

**ANSWER:**

18.     Upon information and belief, Defendant Citi-Talent made derivative works from, manufactured, marketed, distributed and/or sold knock-off copies of the Works to Defendant Meijer and others for profit, and/or were instructed by and/or contracted with Defendant Meijer to provide it with knock-off copies of the Works. Upon information and belief, the knock-off copies of the Work sold by Defendant Citi-Talent to Defendant Meijer were sold to consumers in retail stores owned and operated by Defendant Meijer in the Western District of Michigan.

**ANSWER:**

19.     Upon information and belief, Doe Defendants manufactured, purchased, marketed, distributed and/or sold knock-off copies of the Works to Defendant Meijer and others

6

for profit, and/or were instructed by and/or contracted with Defendant Meijer and/or Defendant Citi-Talent to provide knock-off copies of the Works.

**ANSWER:**

20.    Upon information and belief, the Doe Defendants made derivative works from, manufactured, purchased, marketed, distributed and/or sold knock-off copies of Plaintiff's Works from and to various merchants and persons, including but not limited to Defendant Meijer and/or Defendant Citi-Talent for profit.

**ANSWER:**

21.    Plaintiff did not ever grant Defendants the right to make derivative works from, copy, manufacture, procure, market, distribute, sell, and/or use, in any way, his Works or infringing knock-off sculptures.

**ANSWER:**


## COUNT ONE
## COPYRIGHT INFRINGEMENT, CONTRIBUTORY COPYRIGHT INFRINGEMENT, AND VICARIOUS COPYRIGHT INFRINGEMENT FOR COPYRIGHT REGISTRATION VA1-191-543
### (Snowman Figurine)
### (Against All Defendants)

22.    Plaintiff incorporates and re-alleges the allegations set forth in paragraphs 1 through 21 as if fully set forth herein.

**ANSWER:**

23.    Plaintiff is the owner of United States Copyright Registration No. VA1-191-543 (See, Exhibit A) for the Snowman figurine.  Copyright Registration No. VA1-191-543 consists of material wholly original to Plaintiff and is copyrightable subject matter under the law of the United States.

7

**ANSWER:**

24.     At all times relevant hereto Plaintiff has been the owner of all right, title and interest in and to the Works and the registered Copyrights that are the subject of this lawsuit.

**ANSWER:**

25.     Upon information and belief, Defendants, with full knowledge of Plaintiff's rights, have infringed, contributorily infringed, and/or vicariously infringed, and unless enjoined, will continue to infringe, contributorily infringe, and/or vicariously infringe the Snowman figurine copyrighted design by reproducing, copying, ordering, arranging for and/or preparing derivative works, distributing, selling, and/or utilizing for purposes of trade knock-offs of the Work in violation of 17 U.S.C. §101, *et seq.*

**ANSWER:**

26.     Defendants' knock-offs are virtually identical copies of Plaintiff's Snowman figurine in violation of his copyright therein.  Defendants' knockoffs and Plaintiff's original Snowman figurine share a virtually identical shape, height and circumference of the figures' torsos, feet, arms and heads.  The two figures share nearly identical facial features, including skin tone and carrot nose, as well as hat and overlapped scarf with fringe, snow on the baskets of the ski poles and the intersection of the skis.  The knock-off and original figurines are nearly identical with regard to the position, angles, size, and appearance of the figures' hats, scarves, scarf design, eyes, noses, ski poles, crossed skis, arms and hands.  The knock-off and original sculptures both omit common snowman features such as beards, pipes, boots and mittens.

**ANSWER:**

27.     Defendants' acts as aforesaid violate Plaintiff's exclusive rights under §106 of the Copyright Act of 1976, 17 U.S.C. §106, and constitute infringement, contributory infringement,

8

and/or vicarious infringement of Plaintiff's copyright, and Defendants continue to willfully infringe Plaintiff's copyright by knowingly reproducing, copying, ordering, arranging for and/or preparing derivative works, distributing, selling and/or utilizing for purposes of trade unauthorized versions of Plaintiff's Snowman figurine.

**ANSWER:**

28.     Upon information and belief Defendants have received substantial monies from sales of the infringing products.

**ANSWER:**

29.     All of the Defendants' acts were and are performed without the permission, license or consent of Plaintiff.

**ANSWER:**

30.     By reason of Defendants' acts Plaintiff has suffered substantial damages to his business in the form of diversion of trade, loss of profits, injury to goodwill and reputation, and dilution of the value of his rights, all of which are not yet fully ascertainable but exceed $75,000.00, exclusive of interest and costs.

**ANSWER:**

31.     Defendants' acts and conduct were and are willful or, at a minimum, were undertaken with willful blindness and/or reckless disregard of Plaintiff's rights.

**ANSWER:**

32.     As a result of Defendants' acts and conduct, Defendants are liable to Plaintiff for copyright infringement under 17 U.S.C. §101, *et seq.* Plaintiff is entitled to recover damages, which include any and all profits Defendants have made as a result of their wrongful conduct

9

pursuant to 17 U.S.C. §504. Alternatively, or in addition thereto, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. §504(c).

**ANSWER:**

33. In addition, for the reasons set forth above, the award of statutory damages should be enhanced in accordance with 17 U.S.C. §504(c)(2).

**ANSWER:**

34. Plaintiff is entitled to his full costs and attorneys' fees pursuant to 17 U.S.C. §505, for infringements that commenced after June 16, 2003.

**ANSWER:**

**COUNT TWO**
**COPYRIGHT INFRINGEMENT, CONTRIBUTORY COPYRIGHT**
**INFRINGEMENT, AND VICARIOUS COPYRIGHT INFRINGEMENT FOR**
**COPYRIGHT REGISTRATION VA1-191-909**
**(Choir Angel Figurine)**
**(Against All Defendants)**

35. Plaintiff incorporates and re-alleges the allegations set forth in paragraphs 1 through 34 as if fully set forth herein.

**ANSWER:**

36. Plaintiff is the owner of United States Copyright Registration No. VA1-191-909 (See, Exhibit B) for the Choir Angel figurine. Copyright Registration No. VA1- 191-909 consists of material wholly original with Plaintiff and is copyrightable subject matter under the law of the United States.

**ANSWER:**

37. At all times relevant hereto Plaintiff has been the owner of all right, title and interest in and to the Works and the registered Copyrights that are the subject of this lawsuit.

**ANSWER:**

10

38. Upon information and belief, Defendants, with full knowledge of Plaintiff's rights, have infringed, contributorily infringed, and/or vicariously infringed, and unless enjoined, will continue to infringe, contributorily infringe, and/or vicariously infringe the Choir Angel figurine copyrighted design by reproducing, copying, ordering, arranging for and/or preparing derivative works, distributing, selling, and/or utilizing for purposes of trade knock-offs of the Choir Angel figurine in violation of 17 U.S.C. §101, *et seq.*

**ANSWER:**

39. Defendants' knock-offs are virtually identical copies of Plaintiff's Choir Angel figurine in violation of his copyright therein. Defendants' knockoffs and Plaintiff's original sculpture share a virtually identical shape, height and circumference of the figures' bases, torsos and heads. The two figures share nearly identical facial features, hair, clothing, skin tone, wings, as well as the position, angles, size, and appearance of the figures' hair, head, eyes, arms and hands, the book held in the figures' hands and the folds in the figure's clothing.

**ANSWER:**

40. Defendants' acts as aforesaid violate Plaintiff's exclusive rights under §106 of the Copyright Act of 1976, 17 U.S.C. §106, and constitute infringement, contributory infringement, and/or vicarious infringement of Plaintiff's copyright, and Defendants continue to willfully infringe Plaintiff's copyright by knowingly reproducing, copying, ordering, arranging for and/or preparing derivative works, distributing, selling and/or utilizing for purposes of trade unauthorized versions of Plaintiff's copyrighted Choir Angel.

**ANSWER:**

41. Upon information and belief Defendants have received substantial monies from sales of the infringing products.

**ANSWER:**

42. All of the Defendants' acts were and are performed without the permission, license or consent of Plaintiff.

**ANSWER:**

43. By reason of Defendants' acts Plaintiff has suffered substantial damages to his business in the form of diversion of trade, loss of profits, injury to goodwill and reputation, and dilution of the value of his rights, all of which are not yet fully ascertainable but exceed $75,000.00, exclusive of interest and costs.

**ANSWER:**

44. Defendants' acts and conduct were and are willful or, at a minimum, were undertaken with willful blindness and/or reckless disregard of Plaintiff's rights.

**ANSWER:**

45. As a result of Defendants' acts and conduct, Defendants are liable to Plaintiff for copyright infringement under 17 U.S.C. §101, *et seq*. Plaintiff is entitled to recover damages, which include any and all profits Defendants have made as a result of their wrongful conduct pursuant to 17 U.S.C. §504. Alternatively, or in addition thereto, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. §504(c).

**ANSWER:**

46. In addition, for the reasons set forth above, the award of statutory damages should be enhanced in accordance with 17 U.S.C. §504(c)(2).

**ANSWER:**

47. Plaintiff is entitled to his full costs and attorneys' fees pursuant to 17 U.S.C. §505, for infringements that commenced after June 16, 2003.

**ANSWER:**

## COUNT THREE
## UNFAIR COMPETITION - LANHAM ACT SECTION 43(a)
## FALSE DESIGNATION OF ORIGIN AND TRADE DRESS INFRINGEMENT
### (Snowman Figurine)
### (Against All Defendants)

48.     Plaintiff incorporates and re-alleges the allegations set forth in paragraphs 1 through 47 as if fully set forth herein.

**ANSWER:**

49.     Defendants have falsely designated the origin of the designs for the knock-off products, which they sell as originating with the Defendants rather than with Plaintiff.

**ANSWER:**

50.     By falsely identifying the origin of the design produced, distributed and/or sold by Defendants, and by failing to identify Plaintiff as the true origin of the Snowman figurine design, Defendants have falsely designated the origin of their goods and services in violation of the Lanham Act, Section 43(a), 15 U.S.C. §1125(a).

**ANSWER:**

51.     By falsely identifying the origin of the Snowman figurine copyrighted design produced, distributed, and/or sold by Defendants and by failing to identify Plaintiff as the true origin of the Snowman figurine's design, Defendants have presented to the public false and/or misleading descriptions of the knock-offs produced, distributed, and/or sold by Defendants.

**ANSWER:**

52.     Defendants' conduct has confused, and is likely to confuse, the general and consuming public.

**ANSWER:**

13

53.     Defendants' conduct constitutes false designation of origin in violation of the Lanham Act, Section 43(a), 15 U.S.C. §1125(a).

**ANSWER:**

54.     Defendants' conduct constitutes false or misleading descriptions and misrepresentations of fact in violation of the Lanham Act, Section 43(a), 15 U.S.C. §1125(a).

**ANSWER:**

55.     Defendants' acts and conduct are and/or were willful or, at a minimum, were undertaken with willful blindness to and/or reckless disregard of Plaintiff's rights.

**ANSWER:**

56.     As a direct and proximate result of Defendants' willful conduct, Plaintiff has suffered and will continue to suffer damages all of which are not fully ascertainable, but exceed $75,000.00, exclusive of interest and cost.

**ANSWER:**

57.     Plaintiff is entitled to his full costs and reasonable attorneys' fees pursuant to Section 35 of the Lanham Act, 15 U.S.C. §1117.

**ANSWER:**

**COUNT FOUR**
**UNFAIR COMPETITION - LANHAM ACT SECTION 43(a)**
**FALSE DESIGNATION OF ORIGIN AND TRADE DRESS INFRINGEMENT**
**(Choir Angel Figurine)**
**(Against All Defendants)**

58.     Plaintiff incorporates and re-alleges the allegations set forth in paragraphs 1 through 57 as if fully set forth herein.

**ANSWER:**

14

59.     Defendants have falsely designated the origin of the designs of the knock-off products, which they sell as originating with the Defendants rather than with Plaintiff.

**ANSWER:**

60.     By falsely identifying the origin of the Choir Angel copyrighted design produced, distributed and/or sold by Defendants, and by failing to identify Plaintiff as the true origin of the Choir Angel copyrighted design, Defendants have falsely designated the origin of their goods and services in violation of the Lanham Act, Section 43(a), 15 U.S.C. §1125(a).

**ANSWER:**

61.     By falsely identifying the origin of the Choir Angel copyrighted design produced, distributed, and/or sold by Defendants and by failing to identify Plaintiff as the true origin of the Snowman figurine's copyrighted design, Defendants have presented to the public false and/or misleading descriptions of the knock-offs produced, distributed, and/or sold by Defendants.

**ANSWER:**

62.     Defendants' conduct has confused, and is likely to confuse, the general and consuming public.

**ANSWER:**

63.     Defendants' conduct constitutes false designation of origin in violation of the Lanham Act, Section 43(a), 15 U.S.C. §1125(a).

**ANSWER:**

64.     Defendants' conduct constitutes false or misleading descriptions and misrepresentations of fact in violation of the Lanham Act, Section 43(a), 15 U.S.C. §1125(a).

**ANSWER:**

65.     Defendants' acts and conduct are and/or were willful or, at a minimum, were undertaken with willful blindness to and/or reckless disregard of Plaintiff's rights.

**ANSWER:**

66.     As a direct and proximate result of Defendants' willful conduct, Plaintiff has suffered and will continue to suffer damages all of which are not fully ascertainable, but exceed $75,000.00, exclusive of interest and cost.

**ANSWER:**

67.     Plaintiff is entitled to his full costs and reasonable attorneys' fees pursuant to Section 35 of the Lanham Act, 15 U.S.C. §1117.

**ANSWER:**

**COUNT FIVE**
**STATE UNFAIR COMPETITION**
**AND DECEPTIVE TRADE PRACTICES – MCL § 445.901 et seq**
**(Against All Defendants)**

68.     Plaintiff incorporates and re-alleges the allegations set forth in paragraphs 1 through 21 and 48 through 67 as if fully set forth herein.

**ANSWER:**

69.     The acts, practices, and conduct of Defendants as alleged herein constitute unfair, unconscionable, and/or deceptive trade practices in violation of MCLS 445.903 in that said acts, practices and conduct undertaken in furtherance of Defendants' business are likely to have caused, and/or will continue to cause, confusion or misunderstanding as to: (a) the source, sponsorship, approval, or certification of the infringing sculpture design, and/or (b) the affiliation, connection, or association with, or certification by Plaintiff, and/or (c) the particular standard and/or quality of grade of the knock-offs in the design of Plaintiff's Work, and/or (d) Plaintiff's trade dress, all in violation of MCLS 445.903.

16

**ANSWER:**

70.     Defendants' violations were and/or are willful and deliberate, or at a minimum, were and/or are undertaken with willful blindness to and/or reckless disregard of Plaintiff's rights.

**ANSWER:**

71.     As a direct and proximate result of the acts, practices, and conduct of Defendants Plaintiff has been and will continue to be injured and damaged in an amount not presently ascertainable, but exceed $75,000.00, exclusive of interest and costs.

**ANSWER:**

72.     The acts, practices, and conduct of Defendants have resulted in an illicit gain of profit to said Defendants in an amount not presently ascertainable.

**ANSWER:**

73.     Plaintiff is entitled to full costs, actual damages, reasonable attorneys' fees, and all other remedies available pursuant to MCLS 445.903.

**ANSWER:**

**COUNT SIX**
**MICHIGAN COMMON LAW UNFAIR COMPETITION**
**(Against All Defendants)**

74.     Plaintiff incorporates and re-alleges the allegations set forth in paragraphs 1 through 21 and 48 through 73 as if fully set forth herein.

**ANSWER:**

75.     The acts and conduct of Defendants, as alleged above, constitute unfair competition pursuant to the common law of the State of Michigan.

**ANSWER:**

17

76. The acts, practices, and conduct of Defendants, as alleged above, have damaged and will continue to damage Plaintiff and have resulted in an illicit gain of profit to said Defendants in an amount that is unknown at this time.

**ANSWER:**

77. As a direct and proximate result of the acts, practices, and conduct of Defendants Plaintiff has been and/or will continue to be injured and damaged in an amount not presently ascertainable.

**ANSWER:**

78. As a result of Defendants' unfair competition, Plaintiff is entitled to his full costs, damages in an amount to be established at trial but in no event less than $75,000.00, exclusive of interest and costs, reasonable attorneys' fees, and all other remedies available at law and in equity.

**ANSWER:**

### COUNT SEVEN
### CIVIL CONSPIRACY
### (Against all Defendants)

79. Plaintiff incorporates and re-alleges the allegations set forth in paragraphs 1 through 78 as if fully set forth herein.

**ANSWER:**

80. Upon information and belief, Defendants knew that Plaintiff was and is the rightful owner of the Works, and that Defendants had no right to use the Works or the trade dress thereof or copyright interest therein.

**ANSWER:**

18

81.     Upon information and belief, Defendants knew that Plaintiff was and is the rightful owner of the Works and the trade dress thereof and copyright interest therein.

**ANSWER:**

82.     Upon information and belief, Defendants entered into an agreement(s) and did in fact conspire to infringe upon Plaintiff's copyrighted Works and trade dress thereof, misappropriate the copyrighted interest therein and trade dress thereof, and unfairly competed with Plaintiff.

**ANSWER:**

83.     As a result of Defendants' civil conspiracy, Plaintiff is entitled to his full costs, damages in an amount to be established at trial but in no event less than $75,000.00, exclusive of interest and costs, reasonable attorneys' fees, and all other remedies available at law and in equity.

**ANSWER:**

**COUNT EIGHT**
**IMPOSITION OF A CONSTRUCTIVE TRUST UPON ILLEGAL PROFITS**
**(Against All Defendants)**

84.     Plaintiff incorporates and re-alleges the allegations set forth in paragraphs 1 through 83 as if fully set forth herein.

**ANSWER:**

85.     Defendants' acts, practices, and conduct constitute deceptive and wrongful conduct in the nature of manufacturing, copying, using, offering, advertising, marketing, installing, distributing, and/or selling items that infringe on Plaintiff's Works.

**ANSWER:**

19