IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CITI-TALENT, LTD., | § | |
| | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:13-CV-374-N |
| | § | |
| JING-SHENG YANG, | § | |
| | § | |
|    Defendant. | § | |

## ORDER

This Order addresses two motions: (1) Defendant Jing-Sheng Yang's motion to dismiss or, in the alternative, transfer or stay [Doc. 10], and (2) Plaintiff Citi-Talent, Ltd.'s ("Citi") cross-motion for an anti-suit injunction [12]. The Court denies both motions.

### I. THE PARTIES' TRADEMARK DISPUTE AND THEIR DISAGREEMENT ABOUT ITS PROPER VENUE

Citi is a Hong Kong company that, among other things, designs and markets decorative items, including Christmas figurines. Yang, a Taiwanese individual, is a competitor of Citi's. Yang holds about 1200 copyrights in the United States and abroad that relate to his designs. In January 2013, Yang sent Meijer, Inc. ("Meijer") a letter asserting that Meijer was selling certain Christmas figurines that infringed two of Yang's copyrights. Citi provided the figurines in question. Meijer accordingly forwarded Yang's letter to Citi pursuant to an indemnity agreement between the two companies.

Rather than responding to the demand letter, Citi filed this lawsuit. Citi seeks a declaratory judgment that the figurines at issue do not infringe Yang's copyrights. It also asserts claims against Yang for unfair competition and tortious interference with Citi's contract with Meijer. Shortly before Yang's deadline to answer Citi's complaint, Yang filed suit in federal court in the Western District of Michigan against Citi, Meijer, and John Does 1–100. The Michigan suit appears to raise substantially the same issues as this case. Yang now moves to dismiss Citi's action for lack of jurisdiction or, in the alternative, to transfer it to Michigan or stay it. Citi cross-moves the Court to enjoin Yang from pursuing the Michigan lawsuit.

## II. THE COURT DENIES YANG'S MOTION TO DISMISS

Yang argues that the Court should dismiss this case in favor of the similar action in Michigan. Because this suit was filed before the Michigan case and there are no compelling reasons to dismiss it, the Court declines to do so.

### A. *Standard of Review*

"In the absence of compelling circumstances the court initially seized of a controversy should be the one to decide whether it will try the case." *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 407 (5th Cir. 1971). This "first-to-file" rule holds even where the first-filed case is a declaratory action. *See, e.g.*, *PAJ, Inc. v. Yurman Design, Inc.*, No. 3:98-CV-2847-P, 1999 WL 68651, at *2 (N.D. Tex. Feb. 9, 1999) (applying first-to-file rule on similar facts). Because Citi filed this case before Yang filed the Michigan action, this Court must determine

whether compelling circumstances exist that would negate the first-to-file rule and cause the Court to dismiss this suit. *See id.*

In making that determination, the Court assesses whether this is a proper declaratory action. The Declaratory Judgment Act ("DJA") provides that, with exceptions not relevant here, "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201. The DJA "is an enabling act, which confers discretion on the courts rather than an absolute right on a litigant." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995) (quoting *Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 241 (1952)). "It is now well-settled in the Fifth Circuit that a district court has discretion over whether to decide or dismiss a declaratory judgment action." *Travelers Ins. Co. v. La. Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 778 (5th Cir. 1993).

A court must engage in a three-step inquiry when deciding whether to entertain or dismiss a declaratory judgment action. *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000). It must determine (1) whether a justiciable controversy exists, (2) whether it has authority to grant declaratory relief, and (3) whether, in its discretion, it should decide or dismiss the action. *Id.*

### B. A Justiciable Controversy Exists

The question of whether a declaratory judgment action is justiciable generally turns on whether an "actual controversy" exists. *Id.* "As a general rule, an actual controversy exists where 'a substantial controversy of sufficient immediacy and reality [exists] between

parties having adverse legal interests.'" *Id.* at 896 (quoting *Middle South Energy, Inc. v. City of New Orleans*, 800 F.2d 488, 490 (5th Cir. 1986)) (alteration in original).

There can be little question that an actual controversy exists in this case. The fact that Yang filed a federal suit in a different district against Citi and others dealing with effectively the same issues addressed in this action is proof of that fact. Moreover, Yang's demand letter to Meijer suggests that a conflict exists. It requests from Meijer "the names of the manufacturer, distributor or importer of the infringing items." App. Supp. Pl.'s Resp. Mot. Dismiss [hereinafter Pl.'s App.] [13] 9. Moreover, it "remind[s]" Meijer of its "obligation to preserve evidence and maintain a litigation hold on all materials that relate to [Yang's] claims." *Id.* Given the extent to which Yang sought information about Citi and its apparent preparation for legal action, the demand letter suggests that an actual conflict existed between the parties when Citi filed this suit. Because of these passages from the letter and because of the suit Yang subsequently did indeed file, the Court concludes that a justiciable controversy exists.

### C. The Court Has Authority to Grant Relief

Citi asserts a federal claim under the DJA against Yang, so the Court has subject matter jurisdiction over this case. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Neither party argues that the Court lacks authority to grant the declaratory

relief requested , and the Court is not aware of any reason it might lack that authority. The Court therefore finds that it has authority to grant relief.[1]

### D. *The Court Should Retain the Case*

Typically, a federal court deciding whether to dismiss an action under the DJA does so against the backdrop of a competing state-court case. In such instances, a court should consider several nonexhaustive factors (the "*Trejo* factors"):

> (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated; (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant; (3) whether the plaintiff engaged in forum shopping in bringing the suit; (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist; (5) whether the federal court is a convenient forum for the parties and witnesses; (6) whether retaining the lawsuit would serve the purposes of judicial economy; and (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*Sherwin-Williams*, 343 F.3d at 388 (citing *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590–91 (5th Cir. 1994)). In this instance, the competing case is in federal, not state, court. The Court therefore takes its guidance from the *Trejo* factors but adapts them to the circumstances of this action. *See PAJ, Inc.*, 1999 WL 68651, at *2–3 (applying *Trejo* factors under similar circumstances). On balance, the *Trejo* factors, as adapted to the facts of this case, convince the Court that retaining the action is proper.

---

[1]The Fifth Circuit has noted that a federal court may not have authority to issue a declaratory judgment if the defendant has filed a similar action in state court. *Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 388 n.1 (5th Cir. 2003). Because there is no competing state court action in this case, only a federal case, this rule is inapplicable here.

***1. There Is No Pending State Action.*** – As to the first factor, there is no pending state action. The Michigan case would provide a forum for the parties to fully litigate their controversy. Because the Michigan forum is federal, however, the comity and federalism concerns underlying the first *Trejo* factor are not implicated. Moreover, the Michigan case was not pending when Citi filed this action. This factor, then, weighs in favor of retaining the case.

***2. Citi Filed the Case in Anticipation of a Lawsuit.*** – Citi appears to have filed this action in response to Yang's demand letter. As Citi itself notes, the letter suggests that a lawsuit was possible. Pl.'s Br. Resp. Mot. Dismiss [12] 7. Even so, "[f]ederal declaratory judgment suits are routinely filed in anticipation of other litigation." *Sherwin-Williams*, 343 F.3d at 391. In fact, a "specific and concrete" threat of litigation can in some cases make a declaratory action justiciable in the first place. *See Shields v. Norton*, 289 F.3d 832, 835 (5th Cir. 2002). The Court therefore concludes that Citi filed the suit in anticipation of a suit by Yang, but it did not improperly "race to the courthouse." This factor thus points to retaining the action.

***3. Citi Did Not Engage in Forum Shopping.*** – The Court concludes that Citi did not impermissibly shop for a favorable forum. As Citi points out, Yang is a foreign national and equally susceptible to suit in any federal forum. Citi was entitled to sue Yang in the forum of its choice. And Yang has pointed to no evidence that the law applicable in this District is more favorable to Citi in this case than the law applicable in Michigan or elsewhere. This factor, too, tilts toward denying Yang's motion.

*4. Proceeding in This District Causes No Inequities.* – There is no evidence of possible inequities in allowing Citi to proceed in this forum. The fact that Citi filed suit before Yang did does not give it an unfair advantage. This factor favors retaining the case.

*5. This Court Is Convenient.* – Yang argues that the Western District of Michigan is a superior forum because Meijer is located there. This argument is unavailing. First, Yang has provided no evidence – only allegations – that the Western District of Michigan is indeed more convenient for Meijer than this District. Moreover, Citi points to evidence that other retailers in at least North Carolina, Maryland, and Illinois sold the allegedly infringing figurines. There is no proof that, if these or other retailers end up as witnesses or parties, Michigan would be more convenient than Texas. Second, Citi offers uncontradicted evidence that Dallas is easier for both Citi's representatives and Yang to reach than Grand Rapids, where the Michigan action is pending. The Court therefore concludes that this forum is convenient for the parties and is reasonably convenient for possible witnesses.

*6. Judicial Economy and State Statutes.* – Neither party points to evidence that retaining the suit would waste judicial resources or that any state judicial decrees are involved in this action. Both of these factors, then, weigh modestly against dismissal.

### E. Conclusion as to the Motion to Dismiss

The parties' conflict is justiciable, and the Court has authority to decide this case. Moreover, the *Trejo* factors uniformly, if in varying degrees, weigh in favor of retaining this suit. In light of this conclusion, there is no evidence compelling enough to overcome the first-to-file rule. The Court therefore declines to dismiss the suit.

### III. THE COURT DECLINES TO TRANSFER VENUE

#### A. *Standard of Review*

A district court has the authority to transfer a civil case to another district where the action could have been brought originally if the transfer would be "[f]or the convenience of parties and witnesses" and "in the interest of justice." 28 U.S.C. § 1404(a). The movant bears the burden of demonstrating good cause why the proposed venue is superior to the original venue. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314 & n.10 (5th Cir. 2008) (citing *Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963)). Accordingly, a court may transfer to the proposed venue only when that venue is "clearly more convenient than the venue chosen by the plaintiff." *Id*. at 315.

To determine whether a movant has shown good cause, courts look to a number of private and public factors. The private interest factors are (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Id.* The public interest factors are (1) the administrative difficulties flowing from court congestion, (2) the local interest in having localized interests decided at home, (3) the familiarity of the forum with the law that will govern the case, and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id.* These factors are not exclusive, and no one is dispositive. *Id.* (quoting *Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004)).

### *B. The Court Declines to Transfer the Action*

Yang moves the Court to transfer this case to the Western District of Michigan, Grand Rapids Division. Though it is a close question, the Court declines to do so. Yang has not provided the Court with any evidence supporting the contentions it makes in its brief. Without supporting documentation, the Court cannot take the assertions in Yang's briefing at face value. The Court acknowledges that the Fifth Circuit has "rejected 'the imposition of a blanket rule requiring affidavit evidence.'" *Id.* at 317 n.12 (quoting *Empresa Lineas Maritimas Argentinas, S.A. v. Schichau-Unterweser, A.G.*, 955 F.2d 368, 371–72 (5th Cir. 1992)). Nonetheless, Yang cannot carry its burden of persuasion without any evidence before the Court of any of the private or public interest factors.

***1. Private Interest Factors.*** – Yang's argument that Michigan provides a superior venue for this case than Texas is based primarily on its contention that Michigan is more convenient because Meijer is located there. He argues that Michigan is a better forum because Meijer's personnel and records are all easily accessible there. Moreover, he claims that "witnesses in Michigan who are not officers of Meijer will not be subject to compulsory process in Texas." Mem. Supp. Def.'s Mot. Dismiss [10-1] 14–15. Again, however, Yang has provided the Court with no evidence – whether in the form of affidavits, declarations, or other information – to support these contentions.

Looking to *Volkswagen*'s private interest factors, then, there is no evidence before the Court that access to sources of proof would be easier in Michigan than in Texas, that

compulsory process for witnesses would be available in Michigan but not in Texas,[2] that the cost of attendance would be lower in Michigan, or that there are other practical considerations that would lead the Court to conclude that transfer is appropriate.[3]

   *2. Public Interest Factors.* – Based on the evidence before the Court, none of the public factors weighs in favor of transfer. Yang "submits that it is likely" that the Court's docket is more congested than the Western District of Michigan's, but it provides no evidence in support of this assertion. *Id.* at 19. The Court therefore cannot conclude that this factor weighs in favor of transfer. Second, there are no local interests at stake in this case at this time. Citi and Yang are both foreign citizens, and Meijer is not presently part of this suit. Third, Yang asserts that Michigan law should govern its claims against Citi and Meijer and that a Michigan court would provide a better venue to resolve those claims. Because Yang has not shown that Meijer is a proper party to this suit, however, it has also not demonstrated that Michigan law is proper. There is no reason to conclude, therefore, that Michigan provides a better venue than Texas on this score. Fourth, neither party has brought the Court's attention to any problems involving conflict of laws or application of foreign law.

---

[2] Moreover, "courts in this district have previously considered this factor neutral where, as here, neither party has alleged that nonparty witnesses would be unwilling to testify." *Cooper-McClintock v. United States*, No. 3:11-CV-1412-B, 2011 WL 5182259, at *3 (N.D. Tex. Oct. 31, 2011) (citing cases).

[3] Yang also argues that Grand Rapids would provide a more convenient venue for his counsel than would Dallas. Mem. Supp. Def.'s Mot. Dismiss 19. The Fifth Circuit has held, however, that "the convenience of counsel is not a factor to be assessed in determining whether to transfer a case under § 1404(a)." *Volkswagen*, 371 F.3d at 206.

The public interest factors of the *Volkswagen* analysis, in short, do not convince the Court that a transfer is appropriate.

    ***3. Conclusion as to Venue.*** – Yang has provided the Court with no evidence supporting its motion to transfer venue. Primarily because of this lack of evidence, the *Volkswagen* factors on balance do not suggest that Michigan would provide a better venue than Texas for resolving the parties' dispute. Accordingly, the Court finds that Yang has not met his burden of showing good cause why his proposed venue is superior to the venue Citi chose.[4] The Court therefore declines to transfer this case.

### IV. THE COURT DECLINES TO STAY THE CASE

    In the alternative to the other relief he seeks, Yang moves the Court to stay this case pending the resolution of the Michigan action. Yang, however, has introduced no argument in support of this motion that differs from its arguments supporting its motions to dismiss and to transfer venue. *See Am. Guarantee & Liab. Ins. Co. v. Anco Insulations, Inc.*, 408 F.3d 248, 250 (5th Cir. 2005) (noting that district court's discretion to stay or dismiss declaratory action is governed by same standard). For the reasons set out above, therefore, the Court declines to stay the case.

---

[4] Yang has also not addressed the question of whether the suit could have been filed originally in the Western District of Michigan. Because the *Volkswagen* factors weigh against transfer, however, the Court need not address this question.

ORDER – PAGE 11

## V. THE COURT DECLINES TO ENJOIN YANG FROM PURSUING THE MICHIGAN ACTION

Finally, Citi cross-moves to enjoin Yang from prosecuting his suit against Citi and Meijer in Michigan. Citi urges the Court to employ the "customer suit" rule. Under this rule, which applies in patent cases, "litigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer." *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990). Neither party, however, has located a case in which a court has applied the customer suit rule in the copyright context, and the Court cannot find one, either.[5] The Court declines to make new law here. The Court will not interfere with the Michigan court's power to decide whether the action before it should proceed parallel to this one, and it accordingly denies Citi's cross-motion to enjoin that suit.

### CONCLUSION

For the reasons set out above, the Court denies Yang's motion to dismiss, transfer, or stay this action, and it denies Citi's motion for an anti-suit injunction.

Signed June 25, 2013.

David C. Godbey
United States District Judge

---

[5]Citi also asks the Court to deny Yang's motion to dismiss because of the customer suit rule. Because the Court denies that motion on other grounds, it need not address the customer suit rule in that context, either.

ORDER – PAGE 12